# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

Lyle W. Cayce
Clerk

No. 10-10558
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR MANUEL GARCIA-COVARRUBIAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-122-2

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Salvador Manuel Garcia-Covarrubias (Garcia) pleaded guilty without benefit of a written plea agreement to possession with intent to distribute more than 500 grams of cocaine, and the district court sentenced him to 121 months of imprisonment. Although he argues that the district court erred in denying his motion to suppress cocaine discovered in his vehicle, "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction," including "objections to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

searches and seizures that violate the Fourth Amendment." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (internal quotation marks and citation omitted). Accordingly, we refuse to consider this argument. *See also United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007) ("[T]his court may affirm the district court's judgment on any basis supported by the record." (internal quotation marks and citation omitted)).

Garcia challenges the district court's calculation of his guideline range of imprisonment. *Cf. Gall v. United States*, 552 U.S. 38, 51 (2007) (distinguishing procedural soundness and substantive reasonableness). We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

First, Garcia contends that the district court erred in applying a two-level enhancement for obstruction of justice. The district court's determination that a defendant obstructed justice under U.S.S.G. § 3C1.1 is a factual finding that we review for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). In addition, we give deference to the credibility determinations of the district court. *Id.* In this case, the district court applied the enhancement based on a finding that Garcia committed perjury during the suppression hearing. Although the police officer who stopped and searched Garcia's vehicle testified that Garcia conversed with him and consented in English to the search of the car, Garcia testified that he did not speak English, could not understand the police officer who stopped him, and never gave consent to the search of his vehicle. At the end of the hearing, the district court noted that Garcia had answered questions that were posed to him in English before the interpretation was made on three separate occasions during the hearing, and the court found his testimony "incredible." The district court's finding that Garcia committed

perjury in an attempt to obstruct his prosecution is "plausible in light of the record as a whole." *Cisneros-Gutierrez*, 517 F.3d at 764 (internal quotation marks and citation omitted).

Second, Garcia argues that he should only have been held accountable for the two kilograms of cocaine that he actually delivered instead of the six kilograms of cocaine that he had agreed to deliver in installments. The commentary to U.S.S.G. § 2D1.1 provides that "quantities of drugs not specified in the count of conviction may be considered in determining the offense level." § 2D1.1 comment., (n.12) (citing U.S.S.G. § 1B1.3(a)(2) (Relevant Conduct)). Accordingly, we have held that "the base offense level can reflect quantities of drugs not specified in the count of conviction if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999) (internal quotation marks and citation omitted). The district court's determination of the quantity of drugs attributable to a defendant for purposes of § 2D1.1 is a factual finding that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Here, the presentence report (PSR) states that one of Garcia's co-defendants told the confidential source that she had contacts who could supply up to six kilograms of cocaine at a time and then put the confidential source in contact with Garcia. Garcia does not dispute the PSR's statement that he then agreed to deliver a total of six kilograms of cocaine in three-kilogram installments. A district court may rely on the information in a PSR in the absence of rebuttal evidence, *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009), and mere objections do not suffice as competent rebuttal evidence. *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Although Garcia only delivered two kilograms of cocaine in the first installment instead of three as he had previously agreed, Garcia pointed to no evidence at the sentencing hearing to rebut the PSR's finding that his offense involved six kilograms of cocaine.

No. 10-10558

He points to application note 12 to § 2D1.1, which provides that "[i]n an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense." § 2D1.1, comment. (n.12). However, although he contends that the "the amount delivered more accurately reflects the scale of the offense," *id.*, he pointed to nothing in the district court to support that assertion. Moreover, the commentary states that "[i]f, however, *the defendant establishes* that the defendant did not intend to provide . . . or was not reasonably capable of providing . . . the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes" he could not reasonably or did not intend to provide. *Id.* (emphasis added). He now cites to the reduction of his co-defendant's drug quantity based on an assertion by her attorney that an investigator suspected that the defendants could not have delivered all six kilograms of cocaine. However, he never submitted this evidence to the district court but simply asserted at the sentencing hearing that his co-defendant was held accountable for a lower drug quantity.

Thus, Garcia failed to establish that he could not deliver all six kilograms under application note 12 to § 2D1.1, and he failed to adduce any evidence in the district court to rebut the PSR's drug quantity calculation. *See Parker*, 133 F.3d at 329. The district court's finding that the offense involved six kilograms of cocaine is "plausible in light of the record as a whole." *Cisneros-Gutierrez*, 517 F.3d at 764 (internal quotation marks and citation omitted).

AFFIRMED.

4